JACOB HILES, Respondent, v. J. WILL RULE, W. G. TINSLEY AND JULIA HILES, Defendants; J. WILL RULE AND JULIA HILES, Appellants.

### St. Louis Court of Appeals, May 10, 1892.

Jurisdiction, Appellate. An action for the partition of land, in which the plaintiff's title, and, therefore, his right to a partition, is denied by one of the defendants, involves title to land, and the supreme court has jurisdiction of an appeal by such defendant from a decree of partition therein.

*Appeal from the Louisiana Court of Common Pleas.*
HON. E. M. HUGHES, Judge.

TRANSFERRED TO SUPREME COURT.

*Fagg & Ball,* for appellants.

*W. H. Morrow,* for respondent.

ROMBAUER, P. J.—The plaintiff, who claims to be the owner of one undivided fifth of certain lands in Pike county, filed his petition for partition, making the defendants Tinsley and Rule parties defendant. The petition states that Rule is the owner of the other undivided four-fifths of the land, and that Tinsley is the

trustee in a deed of trust executed by plaintiff, and conveying to him, Tinsley, the plaintiff's undivided one-fifth as security for the payment of a note for $300, held by W. H. Morrow.

W. H. Morrow, who is an attorney at law, signed as such the petition of Hiles, the plaintiff, and the answer of Tinsley, the defendant, who as above seen was his trustee. That answer admitted the facts stated in the petition to be true. The defendant Rule filed an answer, claiming that the plaintiff had no title to any part of the land, because the undivided one-fifth interest, formerly owned by him, had been sold on execution under a judgment for maintenance in favor of Julia Hiles, the plaintiff's wife, and was owned by D. A. Ball. This answer was signed by Ball as one of Rule's attorneys. Julia Hiles, the wife of the plaintiff, was, upon her request, permitted to file an answer in the case, in which she set up the fact that she recovered a judgment for the sum of $600 for maintenance against the plaintiff, and that no part of such judgment was satisfied, except $100, which was realized from an attempted sale at execution of the plaintiff's interest in the land to Ball. This answer was also signed by Ball as one of the attorneys. The plaintiff replied to the answers of Mrs. Hiles and Rule, stating in his reply that if Ball did claim any interest in the land, he should voluntarily enter his appearance as a defendant. In point of fact Ball did not enter his appearance, but the case went to trial on the pleadings above stated, and upon such trial the court rendered judgment, declaring that the plaintiff was the owner of one undivided fifth, subject to the incumbrance created by the deed of trust to Tinsley, and the defendant Rule was the owner of the other four-fifths. The court also found that partition in kind could not be made, and ordered a sale of the land and distribution of proceeds as above. From

this judgment the defendant Rule and Julia Hiles appeal.

It is not assigned for error by the appellants that there is a defect of parties in this case, nor that D. A. Ball is a necessary party to a complete determination of the action. The answer of the defendant Rule denies that the plaintiff had any title or interest in the land, and claims that such interest has passed to Ball; but does not ask that Ball be made a party defendant. On what theory Mrs. Hiles was permitted to intervene as a defendant does not clearly appear. If Ball's ownership of the land were conceded, the judgment would have to be reversed, as every party who has an interest in the premises must be made a party to a petition in partition. R. S. 1889, sec. 7135; *Dameron v. Jameson,* 71 Mo. 97. If, on the other hand, the plaintiff's equity of redemption, or whatever other title he had, was closed out in the sale to Ball, the petition would have to be dismissed; because one who has no interest in land cannot maintain an action for its partition. The evidence upon the trial was confined mainly to the question, whether the plaintiff's title to the land was divested by the execution sale. The plaintiff contended that it was not; because the court could not render a judgment of maintenance without personal service, and because the land affected was not within the jurisdiction of the court, and the defendant Rule contended for the opposite view. These are the propositions argued before us on appeal. On the plaintiff's theory, Ball was neither a proper nor necessary party to the suit; neither was he such on the defendant Rule's theory; because, if that defendant's contention was correct, there could be no partition at all, as, upon the showing that the sole plaintiff had no interest in the land, the petition would have to be dismissed.

The plaintiff filed a motion to transfer this cause

to the supreme court, which we overruled on the ground that the title to the real estate was not involved, because Ball, the adverse claimant, was not before the court. On reconsidering the matter, we must recede from that position. It is true that the title of Ball could not be adjudged in this proceeding, because he was not before the court, but the plaintiff's title could; and, as between him and the defendant Rule, the title was necessarily involved. If the plaintiff had no title, he could not compel the defendant Rule to submit to partition, and the court, in decreeing partition, necessarily decided that the plaintiff had title, although that fact was denied.

It results from the foregoing that our judgment upon the motion to transfer must be set aside, and the cause transferred to the supreme court as an action involving title to real estate. So ordered. All the judges concur.