NORMAN A. CUNNINGHAM ET AL., Appellants, v. WILL CUNNINGHAM ET AL.—30 S. W. (2d) 63.

Division One, July 9, 1930.

*C. R. Fowler* and *C. D. Stewart* for appellants.

*J. C. Dorian* and *P. K. Gibbons* for respondents.

SEDDON, C.—Plaintiffs (appellants here), on July 26, 1926, commenced this action in the Circuit Court of Knox County for the partition of 152 acres of land, situate in Section 9, Township 63, Range 11, in Knox County, Missouri, which land was owned by John H. Cunningham at the time of his death. The parties to the action (except the plaintiff, Robert H. Bertram, who claims as purchaser of the interest of Lyman Cunningham, a son of John H. Cunningham) are the children, and the heirs of a deceased child, of said John H. Cunningham, who died testate on June 13, 1919.

Several years prior to his death, John H. Cunningham made and published a will and a codicil thereto, which will and codicil were duly probated in the probate court of Knox County on July 14, 1919. By the first clause of the codicil to the will, the testator bequeathed to a son, Howard R. Cunningham, the sum of one thousand dollars. By the second clause of the codicil, the testator bequeathed to a son, Ira Arthur Cunningham (who is a party defendant herein, and who is referred to in the record as Arthur Cunningham), the sum of five thousand dollars. The second clause of the codicil reads as follows:

"Second. I will and bequeath to my son, Arthur Cunningham, the sum of five thousand dollars, conditionally, that is to say, if my said son, Arthur Cunningham, shall take good care of and provide for me and my said wife, Mary J. Cunningham, up to the date of the death of both me and my said wife, otherwise said bequest shall revert back to my estate.

"I further will and bequeath to my said son, Arthur Cunningham, any and all live stock which may belong to me or in which I may own a share or interest, on condition my said son, Arthur Cunningham, shall pay off and discharge all just debts and liabilities against my estate, including the burial expenses of myself and my said wife, Mary J. Cunningham, and the further condition that my said son, Arthur Cunningham, shall furnish a suitable home and take good care of my two grandchildren, to-wit: Vera Cunningham and Lloyd Cunningham, minor children of my said son, Howard R. Cunningham, until such time as said Howard R. Cunningham can provide a suitable home for them.

"I direct that all of the above conditions imposed on my said son, Arthur Cunningham, shall be complied with before he shall be entitled to either said five thousand dollars, or any share in any live stock.

"I further will and bequeath to my said son, Arthur Cunningham, all farming machinery, implements and tools on the same conditions as above set out."

The fourth clause of the codicil reads:

"It is my will and desire that in event I depart this life before my said wife, Mary J. Cunningham, then, and in that event, *no bequest herein shall be paid,* and no division of my property shall be made, *until after the death of my said wife,* Mary J. Cunningham, and she is hereby bequeathed the absolute title in my entire estate for and during her natural life, but not given power to sell any real estate, being life estate only, bequeathed to my said wife."

The fifth clause of the codicil reads:

"All the rest, residue and remainder of my estate and wherever situate, *after the payment of the above bequests,* I will and bequeath to my children, to-wit: Will Cunningham, Norman A. Cunningham, Elmer W. Cunningham, Robert S. Cunningham, Lyman Cunningham, Ira Arthur Cunningham, Howard R. Cunningham, and Nellie M. Killen, formerly Nellie M. Cunningham, share and share alike." [Above italics our own.]

Mary J. Cunningham, the widow of the testator, died on February 22, 1926, a few months prior to the commencement of the instant action.

The petition is conventional in form, alleging that plaintiffs and defendants are tenants in common and are the owners in fee of the described real estate; alleging the undivided share or interest of each of the several parties in and to the described real estate; and further alleging that, "owing to the great number of interests, said lands cannot be partitioned in kind without great prejudice to the parties in interest." The prayer of the petition is that the lands be ordered to be sold, and that the proceeds arising from such sale, after payment of the costs of suit, expenses of sale, and a reasonable attorney's fee, be distributed and partitioned among the parties according to their respective interests in the lands.

The defendant, Ira Arthur Cunningham, filed an answer, wherein he pleaded *in haec verba* the will and codicil of his father, John H. Cunningham, and alleged that said will and codicil were duly probated in the Probate Court of Knox County on July 14, 1919. The said defendant further alleged in his answer that, "by and under the terms of the will and testament of his father, John H. Cunningham, aforesaid, so admitted to probate in Knox County, Missouri, he became entitled to a specific interest in said estate, both personal and real, to the extent of the bequest made him in said will, and that he is entitled to said amount either in lands, or the proceeds thereof, before any partition or division of said estate shall be made to the other heirs or legatees of his said father; that there is not sufficient personal property to pay same; and that he

has faithfully, on his part, carried out all the provisions and requirements so set out in his father's will, and that he is now entitled to the five thousand dollars being set aside to him before any further division is made of said estate." The answer of said defendant admits that the lands described in the petition are not susceptible of partition in kind; and the answer prays that said lands be ordered to be sold, and that, after payment of the pecuniary bequests under the will of said John H. Cunningham has been made out of the proceeds arising from the sale of said lands, the remainder of the proceeds be divided among the parties according to their respective interests as set forth in the petition.

The reply admits that the will and codicil of John H. Cunningham, deceased, as the same are pleaded in the answer of defendant, Ira Arthur Cunningham, were duly probated in the Probate Court of Knox County, and avers, in substance and effect, that defendant, Ira Arthur Cunningham, had failed to perform the conditions imposed upon the pecuniary bequest made to said defendant, under and by virtue of the provisions of the second clause of the codicil to the will of John H. Cunningham, deceased, and that, "by reason of defendant's failure to provide and care for the testator and his wife up to their deaths, and to pay all debts and liabilities against the said estate of the said testator, the defendant has forfeited all right of inheritance as a special bequest under the second paragraph of the said codicil to said will, and that all the property and money attempted to be bequeathed by said second paragraph of said codicil to the defendant reverts to the estate of said testator, and becomes the property of all the plaintiffs and defendants herein set out, after all just debts have been paid." The prayer of the reply is that the pecuniary bequest made in clause two of the codicil to the will of said John H. Cunningham, deceased, be declared void and for naught held.

The cause was tried to the court, without the aid of a jury, upon the issues defined by the pleadings, the actual controversy and the real issues tried being: (1) whether defendant, Ira Arthur Cunningham, had performed the conditions prescribed by the second clause of the codicil to the will of his father, John H. Cunningham, so as to entitle him to the bequest of five thousand dollars under the will of his father, and (2) whether such pecuniary bequest is chargeable against the real property of testator, devised under the residuary clause of the codicil, which real property is the subject of the instant action.

The trial court found the issues so tried and submitted in favor of the defendant, Ira Arthur Cunningham, and entered an interlocutory judgment in the cause, wherein the court found that, under and by virtue of the will and codicil of John H. Cunningham, deceased, Howard R. Cunningham is entitled to the specific be-

quest of one thousand dollars, and that defendant, Ira Arthur Cunningham, is entitled to the specific bequest of five thousand dollars, as alleged in his answer; that there are not sufficient personal assets belonging to the estate of John H. Cunningham, deceased, to pay the aforesaid pecuniary bequests to Howard R. Cunningham and Ira Arthur Cunningham, and that the payment of such pecuniary bequests will have to be provided for out of the sale of the real estate belonging to the said John H. Cunningham, deceased, said real estate being the subject of the instant action; that said real estate cannot be divided in kind without great prejudice to the owners thereof, and that it is to the best interests of plaintiffs and defendants that said lands be sold for cash, and that the net proceeds, after deducting costs, expenses and *special bequests*, be divided among the heirs of John H. Cunningham, deceased, as named in plaintiffs' petition; wherefore, it was ordered and adjudged by the court that there be partition of said real property, and that the same be sold for cash, at public vendue, by the Sheriff of Knox County, according to law, and that the proceeds of said sale, after deducting costs and expenses, be divided as follows: ''To Ira A. Cunningham, five thousand dollars, bequest; to Howard R. Cunningham, one thousand dollars, bequest;'' and that the remainder of the proceeds of said sale be divided among the parties to the action according to their respective interests in said real property as such interests are alleged in the petition.

After an unsuccessful motion for a new trial, the plaintiffs were allowed an appeal to this court from the interlocutory judgment so entered.

The jurisdiction of this court to rule the instant appeal has not been challenged by the parties, but this court has repeatedly and uniformly held that jurisdiction cannot be conferred upon this court by the acquiescence, silence or consent of the parties, and that this court, *sua sponte*, will raise the question of our jurisdiction, unless it clearly and certainly appears from the record before us that this court has jurisdiction of the pending appeal. [Stock v. Schloman, 322 Mo. 1209, 18 S. W. (2d) 428, 430; City of St. Joseph v. Georgetown Lodge (Mo. Sup.), 8 S. W. (2d) 979, 982; In re Tannory (Mo. Sup.), 297 S. W. 967; Burns v. Prudential Ins. Co., 295 Mo. 680; State ex rel. v. Sims, 309 Mo. 18; Springfield S. W. Ry. Co. v. Schweitzer, 246 Mo. 122; Vandeventer v. Bank, 232 Mo. 618; City of Tarkio v. Clark, 186 Mo. 285.]

It appears from the record herein that no constitutional question was presented by the pleadings, or determined by the trial court. The actual amount in dispute between the parties is the amount of the pecuniary legacy to Ira Arthur Cunningham, which is $5,000, an amount insufficient to give us jurisdiction of the appeal. The

1166

only other available ground of jurisdiction is that the cause is one "involving title to real estate." [Art. 6, Sec. 12, Const. of Missouri.]

We are of the opinion that the cause is not one "involving title to real estate," so as to confer jurisdiction of the appeal in this court, within the meaning of Section 12, Article 6, of the Constitution of this State. It is true that the petition herein seeks the partition of real estate, and, after setting out the interests of the respective parties in the said real estate, alleges that the real estate is not susceptible of partition in kind because of the great number of interests. But the real issue for decision is presented by the separate answer of the defendant, Ira Arthur Cunningham, and is joined by the plaintiffs' reply to said answer. The answer of said defendant does not deny or controvert the interests and titles of the respective parties in the real estate which is the subject of the action, and the answer specifically admits that the real estate is not susceptible of partition in kind, and joins in, the prayer of the petition that the real estate be sold, and that the proceeds arising from the sale of said real estate, after payment of the pecuniary bequests under the will of John H. Cunningham, deceased, be divided among the parties according to their respective interests, as set out in the petition. It is therefore clearly apparent that the real issues presented and joined by the answer and the reply, and tried and submitted to the court below, were whether the defendant, Ira Arthur Cunningham, had performed and complied with the conditions imposed by his father's will and codicil upon the pecuniary bequest made to said defendant, so as to entitle said defendant to such pecuniary bequest, and whether such pecuniary bequest is chargeable against the real estate belonging to the father at his death, there being insufficient personal assets belonging to the deceased father's estate to pay and discharge the said pecuniary bequest.

The mere form of the action is not conclusively determinative of the question whether the title to real estate is involved, so as to confer jurisdiction of the appeal upon this court. In partition actions, the title to real estate has been held (by some of the courts of appeals of this State) to be involved, so as to confer appellate jurisdiction upon this court, where the title of one or more of the parties to the action is actually put in issue by the pleadings of the parties, or where the question whether the real estate is incapable of partition in kind is a controverted issue, or where the right of a party to partition of real estate is denied by some pleading filed in the action. [Hiles v. Rule, 49 Mo. App. 628, 631; Groes v. Brockman (Mo. App.), 246 S. W. 608; Hull v. McCracken (Mo. App.), 1 S. W. (2d) 205.] It has also been held, by certain of our courts of appeals, that title to real estate is not involved in a partition action, where the real controversy is over the distribution of

the proceeds arising from a sale of real estate under an interlocutory judgment in partition, or under foreclosure of a mortgage lien upon real estate. [Herchenroeder v. Herchenroeder, 75 Mo. App. 283, 285; Funk v. Funk, 205 Mo. App. 178, 182.] In none of the cited cases, however, do any of the courts of appeals go so far as to hold that the title to real estate is involved, within the meaning and intent of Section 12, Article 6, of the Constitution, merely because the action is one for the partition of real estate, and it appears that title is not a matter in dispute.

In the recent case of Nettleton Bank v. Estate of McGauh^y, 318 Mo. 948, l. c. 952, 953, this court, en banc, after an exhaustive review of the numerous decisions of this court, and of the several courts of appeals, bearing upon the question, thus laid down the controlling rule or principle determinative of our appellate jurisdiction: "This court has held in many cases that title, to be involved in an action, must be *in issue*. As said in a statement of the rule frequently quoted: 'It is not enough that the judgment, when carried into execution, will affect the title to land. The title must be involved in the suit itself, and be a matter about which there is a *contest*.' [Citing cases.] Indeed, the rule goes further. Title must not only be in issue, it must be in issue directly, as distinguished from collaterally or incidentally. The law on this point has been many times declared, as, for example, that 'the constitutional provision vesting appellate jurisdiction in this court in cases involving title to real estate, applies only to cases in which title to land is the subject of the controversy and in which the judgment will operate directly upon the title, and not to those cases where the title to land may be merely a subject of collateral inquiry or in which the judgment will only affect the title incidentally or collaterally.' [Citing cases.] It is on this theory the decisions of this court have ruled consistently and uniformly since the adoption of the Constitution in 1875 (and the law is the same elsewhere) that suits to foreclose or enforce mortgages, tax bills, mechanic's liens and other liens, do not involve title to real estate. . . . It follows that, to involve title within the meaning of the Constitution a judgment must adjudicate a *title controversy*. The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another. The rule is established by a great variety of cases. [Citing cases.]"

In Stock v. Schloman, 322 Mo. 1209, 18 S. W. (2d) 428, the action (in form) was one to ascertain and determine title to real estate, under Section 1970, Revised Statutes 1919, and the petition was in the conventional form. The answer of the defendants admitted plaintiff's ownership in fee of the lands which were the

1168

subject of the action, but averred that plaintiff's title was encumbered by an unsatisfied mortgage, given to secure the payment of a promissory note made and executed by plaintiff's grantors, which note and mortgage were owned by defendants, and which mortgage indebtedness defendants sought to have adjudged to be a valid and enforcible charge against the lands. The reply averred that the enforcement of the mortgage lien was barred by the Statute of Limitations, and prayed that the mortgage be cancelled of record. It was therein ruled by Division Two of this court that, although the action, in form, was one for the ascertainment and determination of title to real estate, the real and sole issue presented and joined by the pleadings, and tried to the court, was whether the mortgage indebtedness was a valid and enforcible charge against the lands, the adjudication and determination of which issue did not directly involve the title to the lands (which was conceded by the answer to be in the plaintiff), so as to confer jurisdiction of the appeal on this court. Said this court in that cause (322 Mo. 1. c. 1217, 18 S. W. (2d) 432, 433): "Applying the rule as announced in the adjudicated cases to the case before us, it is obvious that title is not involved. The trial court was not asked to adjudicate regarding the *title*, which is admitted to be in plaintiff, and did not in fact do so. Primarily the pleadings on both sides seek the judgment of the court as to whether or not the mortgage, admittedly valid in its inception, is still a lien, or, to state the issue more accurately, whether it is still an *enforceable* lien, because, if the Act of 1921, supra, is held to apply, it being a statute of limitations, its effect would be only to bar foreclosure. . . . The judgment of the trial court does not adjudicate or determine *title*. The fee simple title to the land was conceded by the pleadings to be in plaintiff, and the court's judgment, of course, leaves it there. But since that was a conceded fact about which the pleadings presented no issue, that part of the judgment cannot be considered as adjudicating or determining the title so as to vest appellate jurisdiction in this court. And of course plaintiff, who alone appealed, was not appealing from that part of the judgment which simply declared what he himself contended and defendants admitted. The only thing really determined and adjudged by the court was that defendants still have a lien."

In Weil v. Richardson, 320 Mo. 310, 315, this court has succinctly and pointedly stated the applicable test for the determination of the question whether a case is one involving title to real estate, so as to confer jurisdiction of an appeal in this court, as follows: "Title must be the *issue*. It must be the matter *in dispute* in the suit resulting in such judgment. The judgment itself must *directly* affect the *title*." (Italics our own.)

An examination of the record before us in the instant case discloses that *title* was not the *issue* tried to the court below. The interests, or titles, of the respective parties in the real estate are not controverted by the pleadings, and the trial court, by its interlocutory judgment herein, found the interests, or titles, of the respective parties to be as set forth in the petition and as conceded by the answer. Neither was it controverted by the pleadings that the real estate was not susceptible of partition in kind, for all of the parties, by their respective pleadings, alleged such to be the fact, and joined in the prayer of the petition that the real estate be sold and the proceeds therefrom be divided among the parties according to their respective interests therein. The only issues, constituting the real and actual matter in dispute between the parties, were whether defendant, Ira Arthur Cunningham, had performed all of the conditions imposed upon the pecuniary legacy bequeathed to him by the will of his father, and, because of the full performance of such conditions on his part, he was thereby entitled to such pecuniary bequest, and whether the bequest is chargeable against the real estate because of the insufficiency of testator's personal estate to discharge and satisfy the pecuniary legacy. While the adjudication of the trial court that the pecuniary bequest to defendant, Ira Arthur Cunningham, is chargeable against the real estate of the testator, in effect, amounts to a cutting down or reduction (to the extent of $5,000) of the net proceeds of the sale of said real estate distributable among the parties, nevertheless, such adjudication and judgment of the trial court does not *directly* affect, or operate upon, the *title* to such real estate. Upon the record before us, and in the light of the previous decisions of this court bearing upon the question of our appellate jurisdiction, we are of the opinion that the instant cause is not one "involving the title to real estate," within the meaning and intent of Section 12, Article 6, of the Constitution of this State, so as to permit this court to exercise jurisdiction of the instant appeal. No other prerequisites of our appellate jurisdiction, as prescribed by Section 12, Article 6, of the Constitution, appear upon the record before us.

The cause must be transferred to the St. Louis Court of Appeals, and it is so ordered. *Lindsay* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur.