Mary Marshall Hull v. Helen O. McCracken et al., Appellants.
—39 S. W. (2d) 351.

Division One, May 21, 1931.

*W. B. Whitlow* for appellants.

*Cave & Cuthberton* and *E. M. Tipton* for respondent.

HYDE, C.—This is an action for partition of 160 acres of land in Callaway County. It was tried in the circuit court on an agreed

statement of facts. The facts deemed material are the following: Katherine M. Iman died seized of a fee simple title to said land November 15, 1924. She left a will which was probated in the Probate Court of Jackson County, November 25, 1924. The will provided for the payment of her just debts and funeral expenses; for the removal and reburial of the body of her deceased husband; and divided her furniture and other personal property of like character between her two sisters, the plaintiff, Mary Marshall Hull, and the defendant, Helen O. McCracken. It also provided for legacies of $100 to a brother, $200 to a nephew, and $500 to a niece. By paragraph 6 of the will, all the rest of her property, real and personal, was devised as follows: One-fifth to her sister, Helen O. McCracken; one-fifth, in equal parts, to three children of her deceased sister, Fannie Josephine McFarland; one-fifth to a nephew, Charles Swinney; one-fifth, in equal parts, to eight children of a deceased brother of her husband; and the remaining one-fifth to plaintiff, Mary Marshall Hull, which it stated should be reduced by any obligations of the estate to plaintiff. (There were none.)

The last paragraph (7) of the will provided as follows: ''I appoint B. C. Haldeman, of Jackson County, Missouri, executor of my will and direct and empower my executor to sell and convey my real estate, in whole or in part, under the orders and directions of the probate court, for the purpose of carrying out the provisions of my will and making distribution of my estate according to the terms thereof.''

There were no funds in the hands of the executor with which to pay the legacies provided by the will and the executor must have more than $1400 in order to pay all legacies, claims and demands and make final settlement of the estate. Since the will was probated, defendant Grace McFarland executed a note for $200, secured by deed of trust on her interest in the land to defendant Charles W. Brunn as trustee for defendant Anna Moran. The interest of defendant Charles Swinney was sold after the commencement of this action under an execution, and purchased by another defendant.

It was also agreed that if the parties are entitled to have partition the lands cannot be divided in kind, but should be ordered sold and the parties entitled to share in the proceeds for distribution in the proportions set out in plaintiff's petition.

Plaintiff's petition was filed October 15, 1925. She alleged the death of Katherine M. Iman, the ownership of the land, the probate of the will and that the plaintiff and defendants are tenants in common; and alleged the interest of the plaintiff and defendants in the land to be that set out in paragraph 6 of the will in all the rest of the property, real and personal, of Katherine M. Iman.

Her petition also alleges that the real estate cannot be partitioned in kind. The prayer of her petition is that the land be ordered sold and the proceeds divided among the parties in proportion to their respective interests. The will of Katherine M. Iman is attached to, and made a part of, her petition.

A separate answer was filed by the executor, Haldeman, in which the death of Katherine M. Iman, the ownership of the land, the execution of the will filed with and made a part of the petition, the probate of the will, and the appointment of defendant Haldeman as executor, were admitted. Defendant denied all other allegations of the petition, and specifically alleged the provisions of the will in regard to distribution of personal property and legacies. He further alleged that the will gave and devised all the rest of her property, real and personal, to plaintiff and defendants, as set out in paragraph 6 of the will; and alleged the provision of paragraph 7 of the will directing and empowering him, as executor, to sell and convey the real estate. He also alleged that the executor had in his possession no personal property except that specifically devised and other property of less than $200 in value. He alleged that certain claims had been allowed against the estate and that it would be necessary to sell the real estate in order to pay the debts and legacies and to carry out the provisions of the will. He further alleged that the land was not subject to partition, because partition of the same would be in contravention of the will and in violation of the provisions of Section 2005, Revised Statutes 1919 (now Sec. 1557, R. S. 1929), and that the will vested in defendant, as executor, the sole power to sell said real estate. He also alleged that the provisions of the will operated to convert the same into personal property for the purpose of carrying out the provisions of the will and "that the devisees in said will take no right, title or interest in or to said real estate or any part thereof susceptible to partition between them as real estate." He further alleged that defendant Grace McFarland had conveyed all her right, title and interest to Brunn, trustee for Anna Moran, in and to the real estate in plaintiff's petition described, by the trust deed above referred to, and stated that they were necessary parties to the suit, without whom valid partition cannot be had.

The defendants, Helen O. McCracken and the McFarland children, also filed a separate answer alleging the same facts and setting up the same defenses as that of the defendant Haldeman, the executor. Plaintiff's reply was a general denial. By amendment of the petition, the defendants interested in the deed of trust executed by Grace McFarland were made parties.

The circuit court found that the fee simple title to the real estate was as alleged in the petition, except as affected by the subsequent execution sale. That the estate of Katherine M. Iman had not been

completely administered, and that there could be no final order of distribution in the partition sale ordered until there has been paid to the executor sufficient funds with which to pay all the debts, costs of administration and legacies of the estate. The court further found that the real estate could not be divided in kind without great prejudice and injury to plaintiff and defendants and ordered the real estate to be sold by the Sheriff of Callaway County and report of sale made to the court. The decree stated that the partition ordered is in accordance with the terms and provisions of the will.

The defendant, Helen O. McCracken and defendant B. C. Haldeman, the executor, appealed, and an appeal was granted to the Kansas City Court of Appeals.

The case was transferred here by that court because it held that, under Section 12, Article VI, Constitution of Missouri, title to real estate was involved, citing Section 2008, Revised Statutes 1919 (Sec. 1560, R. S. 1929); Dildine v. DeHart, 225 S. W. 130; Hart v. Steedman, 98 Mo. 452; Case v. Mitzenburg. 109 Mo. 311, 314; State ex rel. v. Rombauer, 124 Mo. 598. 600; Musick v. K. C. S. & M. Railroad Co., 43 Mo. App. 326. While no question is raised by either party as to the propriety of the transfer to this court, we must determine whether or not we have jurisdiction before considering the appeal upon the merits. [Devoto v. Devoto (Mo.), 31 S. W. (2d) 805; Cunningham v. Cunningham (Mo.), 30 S. W. (2d) 63.]

This court has decidedly changed its views since the decisions cited by the Kansas City Court of Appeals. In the case of Nettleton Bank v. Estate of McGaughey, 318 Mo. 948, 2 S. W. (2d) 771. this court expressly disapproved of the case of Dildine v. DeHart (Mo. App.), 225 S. W. 130, 293 Mo. 393, 239 S. W. 112, upon the question of its jurisdiction.

The Dildine case was a case in which devisees had commenced a partition suit in circuit court. Thereafter, a proceeding to sell land to pay debts was commenced in the probate court and that court made an order of sale. The devisees appealed to the circuit court. The circuit court held the order of sale void and dismissed the executors' application. The executors appealed to the Kansas City Court of Appeals. That court transferred the appeal to this court on the ground that title to real estate was involved, because the judgment would either take the title out of the estate or devisees and vest it in the purchaser or would leave it in them. This court accepted jurisdiction without discussion of the authorities. In the Nettleton Bank case, supra, this court said that the conclusion in the Dildine case as to this court's jurisdiction was erroneous and that the judgment in that case would not directly affect the title to the land within the meaning of the Constitution.

Two of the other cases cited by the Kansas City Court of Appeals in transferring the present case here are condemnation cases. The others hold that a judgment of partition in kind vests in the party to whom an allotment is made the title of all the other parties. It must be conceded that under the statute cited (Sec. 1560, R. S. 1929) title to real estate may be directly affected by a suit in partition, but it does not follow that it always is. In the Nettleton Bank case, supra, this court, after exhaustively reviewing the authorities, said: "It follows that to involve title within the meaning of the Constitution a judgment must adjudicate a *title controversy*. The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another."

Applying this rule to this case, the question is, does this case involve such a *title controversy?* In this connection it is interesting to note the case of Cannon v. Unknown Heirs of Curtis, 175 Mo. App. 84, 157 S. W. 860. That case was a partition suit in which the will of the testator provided that after the death of his wife and daughter his executor should sell his land and divide the proceeds equally between all of his heirs. The contention in that case was (*as contended here*) that a partition of lands devised, at the suit of part of the heirs, would disregard the clearly expressed intention of the testator to have his land sold by his executor and therefore be in violation of our statute (Sec. 1557, R. S. 1929), prohibiting partition contrary to a will. In the Cannon case, 175 Mo. App. l. c. 88, the court states: "When the cause was reached for hearing in this court (St. Louis Court of Appeals), it was transferred to the Supreme Court for the reason that we were of the opinion that the action involved title to real estate, within the meaning of the Constitution, and that this court was without jurisdiction to hear and determine the appeal. However, the Supreme Court has since, on motion of appellant, retransferred the cause here, as being within our jurisdiction." The reasons for this action were not given.

Although defendants also allege in their answer: "That the devisees in said will take no right, title or interest in or to said real estate or any part thereof susceptible to partition between them as real estate," they do not dispute plaintiff's interest as given by the will, but contend that there is an equitable conversion of the land. It is held in Missouri, as elsewhere, that a positive direction to an executor to sell real estate for the purpose of making distribution of an estate works a conversion, in equity, of real estate into personalty. [13 C. J. 859, sec. 25; De Lashmutt v. Teetor, 261 Mo. 412, 169 S. W. 34; Wyatt v. Stillman Institute, 303 Mo. 94, 260 S. W. 73; Turner v. Hine, 297 Mo. 153, 248 S. W. 933; Barnard

v. Keathley, 230 Mo. 209, 130 S. W. 306; Gilbreath v. Cosgrove, 193 Mo. App. 419, 185 S. W. 1181; Francisco v. Wingfield, 161 Mo. 542, 61 S. W. 842.] This is not true where the act of selling or converting is left to the option, discretion or choice of the executor. [13 C. J. 867, sec. 35; Eneberg v. Carter, 98 Mo. 647, 12 S. W. 522; In re O'Bannon Estate, 142 Mo. App. 268, 126 S. W. 215.]

It is also held that where a testator directs a conversion of land into personalty in the absence of an election by all the beneficiaries to affect a reconversion, the land is not subject to partition. (20 R. C. L. 719.) [Bank of Ukiah v. Rice (Cal.), 76 Pac. 1020; Walling v. Scott (Ind.), 96 N. E. 482; Cahill v. Cahill (N. J.), 49 Atl. 809; Mitchell v. Mitchell, 121 N. Y. Supp. 730; Fritz v. Fritz, 17 N. Y. Supp. 800; In re Keim's Estate (Pa.), 51 Atl. 337; In re Severns' Estate (Pa.), 60 Atl. 492; Mattison v. Stone (S. C.), 72 S. E. 991.] But all of the beneficiaries may, by election, effect such a reconversion. [Williams v. Lobban, 206 Mo. 399, 104 S. W. 58; Nall v. Nall, 243 Mo. 247, 147 S. W. 1006; Turner v. Hine, 297 Mo. 153, 248 S. W. 933; Gilbreath v. Cosgrove, 193 Mo. App. 419, 185 S. W. 1181.] However, such a direction in a will to sell real estate does not convey to or vest in the executor any title to the land in question, but only gives him a power of sale. [Cannon v. Unknown Heirs of Curtis, 175 Mo. App. 1. c. 90; Emmons v. Gordon, 140 Mo. 490, 41 S. W. 998; Barnard v. Keathley, 230 Mo. 1. c. 226, 130 S. W. 306.]

We do not think, therefore, on either contention, that there is such a title controversy involved here that the judgment in this case will take the title out of one party and put it in another. The plaintiff's title to the real estate is fixed by the will. All parties are claiming that the rights in regard to the property, for which they contend, are fixed by the will. The question *here* is the construction of the will by determining what rights the will gives the devisees on the one hand and the executor on the other to convert the real estate into money, as all parties agree it must be. No matter which way this case is decided, the title of the devisees will not be taken out of them, or any of them, and put in one of the other parties to this action. If it should be decided that the judgment of partition be affirmed, the title of the devisees will be subject to the payment of the debts, legacies due from the estate, expenses of administration, and other charges against the estate. Their right to the balance remaining and the proportion of each is not in dispute. Likewise, if it should be decided that the judgment of partition be reversed, the title of the devisees will still be subject to the payment of the debts, legacies due from the estate, expenses of administration, and other charges against the estate. Their right to the balance remaining and the proportion of each would still not be in dispute.

The real question then to be determined herein is, whether the executor shall sell the land, as the will directs, and proceed to pay the debts, costs, legacies and other charges against the estate, and distribute the balance to the devisees; or whether the sheriff shall sell it as ordered by the partition decree, turn over to the executor the amount necessary to make final settlement of the estate and pay the balance of the proceeds to the devisees. It is true that the executor might sell the land for more money than would the sheriff, or vice versa. While the devisees might ultimately get more money by a sale under one plan than under the other plan, the proportion in the remaining proceeds to which they would be entitled in either case would be the same.

To make an illustration: Is the situation here any different than it would be if the land was subject to a trust deed (instead of to the debts and legacies of the estate); and the controversy was between the owner of the equity of redemption and the trustee in the deed of trust, or the holder of the indebtedness secured thereby, as to whether the trustee had the right to sell under the power of sale in the trust deed; or whether, because of some alleged defect in the trust deed, it should be sold under a decree of foreclosure in the circuit court by the sheriff? In either case (as in the case here), the owner of the land subject to the trust deed (here debts and legacies) would receive the surplus of the sale remaining after payment of the prior lien. We think there is no difference. It is well settled that a proceeding to foreclose a mortgage or to enforce any lien upon real estate does not involve title to real estate within the meaning of the Constitution. [Nettleton Bank v. Estate of McGaughey, 318 Mo. 948, 1. c. 953, and cases there cited.]

This court has followed the Nettleton Bank case, supra, in Cunningham v. Cunningham (Mo.), 30 S. W. (2d) 63, and Devoto v. Devoto (Mo.), 31 S. W. (2d) 807. Both of these cases were partition suits and in both of them this court held that the title to real estate was not involved within the meaning of the Constitution, since the judgment would not directly affect the title—that is, take the title out of one party and put it in another. The contention in both cases was solely concerning pecuniary claims to be paid out of the proceeds of the sale of the real estate involved.

We therefore conclude that title to real estate is not involved in this case within the meaning of the Constitution, and that the cause should be retransferred to the Kansas City Court of Appeals to be there determined on the merits. The cause is retransferred to the Kansas City Court of Appeals. *Ferguson* and *Sturgis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All of the judges concur.