CERENA CLEVENGER ET AL. v. GEORGE ODLE ET AL.; RALPH B. HUGHES, Curator of Estates of ANDREW J. CROUSE, MARY O. CROUSE and PERRY CROUSE, Minors, CLAUDE CROUSE and WILLIAM H. DALE, Administrator of Estate of EPHRIAM RILEY TARWATER, Appellants.—44 S. W. (2d) 622.

Division One, December 21, 1931.

*A. P. Hamilton* and *L. E. Bates* for appellants.

*E. A. Farris* and *Geo. W. Crowley* for respondents.

FERGUSON, C.—Suit for partition of certain real estate situate in Ray County, Missouri. The petition, which is in conventional form, was filed on the 31st day of August, 1928, and alleges the respective interests of the parties plaintiff and defendant in said real estate to be as therein set out; that the land is not susceptible of division in kind and asks that the land be sold and the proceeds distributed among the plaintiffs according to their respective interests. Defendant William H. Dale answered, but the other defend-

ants made default. Defendant Dale's answer does not controvert the allegations of the petition, but merely admits and avers that he is the owner of an undivided one-fourth interest in the land as is alleged in the petition. Thus it appears that the pleadings do not raise any issue as to title of the real estate which it is sought to partition.

The cause was heard in the Circuit Court of Ray County on October 19, 1928, during the regular October term of that court. On that date the court entered its interlocutory decree, which adjudges all the defendants except Dale to be in default; finds and adjudicates the interests of the parties in said land to be as set out in the petition and the answer of defendant Dale; finds that the property is not susceptible of partition in kind without great prejudice to the owners, and orders that the land "be sold according to law at the next regular term" of said court "at public vendue for cash, by the Sheriff of Ray County" after publication of notice of sale in the manner therein directed. The decree then directs that the net proceeds of the sale after payment of costs be divided among the plaintiffs and defendants "according to and in proportion to their respective interests, as herein above set forth." No exceptions were taken or preserved, nor objections of any kind made or noted, by any of the parties, to the interlocutory decree so entered, whereupon all the parties became and are bound thereby, so that no appeal lies from this interlocutory decree, nor have the appellants herein, as will presently appear, questioned that decree.

At the next regular term of said court, being the February term, 1929, and on February the 14th, "a sheriff's report of sale" was filed, reporting that pursuant to, and in the manner specified in, the order of sale made in the interlocutory decree of partition, the land had been sold to purchasers therein named "for the sum of twenty-five hundred dollars." This report of sale was signed, "Frank Williams, Ex-Sheriff of Ray County." The report of sale shows the sale to have been made by Frank Williams, former sheriff of that county, whose term of office had expired with the year 1928. On February the 18th, 1929, an order and judgment of the court was made and entered of record as follows:

"Now on this 18th day of February, 1929, come the parties by their respective attorneys, and by agreement of all parties the ex-sheriff's Report of Sale of the real estate described in the Order of Sale, is by consent, taken up and submitted to the court; and the court, having heard and being fully satisfied that the said report is just and correct, and no objections to the approval thereof being made, it is ordered and adjudged by the court that said Report of Sale be in all things approved, and that said sale be hereby con-

firmed, and held as firm and effectual forever, and the ex-sheriff is ordered to execute and deliver a proper deed to the respective purchasers of the property sold, and said ex-sheriff is further ordered to distribute the proceeds of said sale, after paying the costs and expenses of this proceeding, to the parties in interest thereof according to their respective rights according to the judgment of this court, and this cause is continued to await the ex-sheriff's final Report of Sale in partition."

On the 20th day of February, 1929, the defendants Ralph B. Hughes, Curator of the estates of Andrew J. Crouse, Mary O. Crouse and Perry Crouse, minors, and William H. Dale, Administrator of the estate of Ephriam Riley Tarwater, deceased, and one of the plaintiffs, Claude Inyard Crouse, filed a joint motion to set aside the said judgment of February 18, 1929, approving the sale and asked that the sale be disaffirmed and a new sale ordered, and on the same day the same parties filed what they denominate as a motion in arrest of judgment. On February 26, 1929, both motions were overruled and the parties, who had joined in said motions, thereupon filed affidavit for appeal. The appeal was granted to this court. Appellants' sole contention is that the sale made by the former sheriff was not a valid sale.

Evidently the appeal was granted to this court on the theory that the form of the action, partition, gives this court jurisdiction and that title to real estate is necessarily involved. We think, however, the statement of the case which we have made demonstrates that title is not involved in a constitutional sense so as to give this court jurisdiction. Title to real estate was not directly in issue. No title controversy was made by the pleadings or adjudicated by the court. Title was not contested, nor in dispute. The court was not called upon to, and did not, adjudicate or determine title "adversely to one litigant and in favor of another" or "take title from one litigant and give it to another." See Nettleton Bank v. Estate of McGaughey, 318 Mo. 948, 2 S. W. (2d) 771; Rawlings v. Rawlings (Mo. Sup.), 39 S. W. (2d) 367; Brockman v. St. Louis Union Trust Co. (Mo. Sup.), 38 S. W. (2d) 1010; Kaufmann v. Kaufmann (Mo. Sup.), 40 S. W. (2d) 555; Hull v. McCracken, 327 Mo. 957, 39 S. W. (2d) 351; Devoto v. Devoto, 326 Mo. 511, 31 S. W. (2d) 805; Weil v. Richardson, 320 Mo. 310, 7 S. W. (2d) 348.

None of the grounds of our appellate jurisdiction specified in Section 12 of Article 6 of the Constitution appearing upon the record, the cause should be transferred to the Kansas City Court of Appeals. It is so ordered. *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by Ferguson, C., is adopted as the opinion of the court. All of the judges concur.