DAISY TUCKER, HALLIE M. FELGAR, LOUISE KILKENNY and HELEN ANDERSON v. DAVIDGE T. BURFORD, HAYDEN M. BURFORD, JOHN S. MCCUTCHAN and B. M. BRADSHAW, Defendants, DAVIDGE T. BURFORD, Appellant.—88 S. W. (2d) 144.

Division One, November 12, 1935.

1074

*J. L. Brightwell* for appellant.

*Walter M. Hilbert* for respondents.

BRADLEY, C.—Action in partition. Appeal was granted to the St. Louis Court of Appeals, but was transferred here on the theory that title to real estate is involved.

January 29, 1931, plaintiffs filed petition in the Circuit Court of Lewis County to partition 120 acres of land in said county. It was alleged that plaintiffs and defendants, Davidge T. Burford and Hayden M. Burford, were seized in fee of the land described. Defendants, McCutchan and Bradshaw, were made parties because they were respectively the beneficiary and trustee in a deed of trust executed by defendant, Hayden M. Burford and wife upon the undivided interest of Hayden M. Burford in the described land. Process was issued on day petition was filed, returnable to the June Term of the court, which convened on third Monday in June. Process was served on all the defendants April 18, 1931, but no answer was filed, and judgment was rendered by default. The court found that plaintiffs, Daisy Tucker, Hallie M. Felgar, Louise Kilkenny and Helen Anderson, and defendants, Davidge T. Burford and Hayden M. Burford, each owned a one-sixth undivided interest in the land, and found that defendant, Hayden M. Burford, had executed deed of trust as alleged. The court also found that plaintiff, Louise Kilkenny, had executed a deed of trust on her undivided interest since the suit was filed. It was further found, as alleged, that the land was not susceptible to partition in kind and it was ordered that the land be sold and that after the payment of costs and attorney's fee, and the payment of the obligations secured by the deeds of trust from the portions of the respective grantors in said deeds of trust, the remaining proceeds be distributed to the parties in interest "in accordance with the respective rights as herein found and ascertained."

Under the decree the sheriff, after publication, sold the land to Charles E. Fee and wife, the highest bidders, on October 10, 1931, during the session of an adjourned term of the regular term of court. On December 7, 1931, and still during the June Term and in open court, the sheriff filed his report of sale. On the same day, defendant Davidge T. Burford, filed motion to set aside the sale and report of sale. The motion was overruled, and the sale and the report of sale approved, which approval was the final judgment. [Sec. 1575, R. S. 1929, Mo. Ann. Stat., sec. 1575, p. 1744; Clark v. Sires, 193 Mo. 502, 92 S. W. 224.] The court found, in considering the report of sale, that the land was sold for $3265, and "was sold clear of taxes due on date of sale;" that the taxes due on date of sale was $400.01; that the total amount of costs, including attorney's fee and taxes, was $632.46, leaving "in the hands of the

said sheriff for distribution the sum of $2632.54." The sheriff was ordered to execute deed to the purchasers and the record shows that such deed was acknowledged by the sheriff in open court. Defendant, Davidge T. Burford appealed.

The first question to determine is one of jurisdiction. The cause was transferred here by the St. Louis Court of Appeals under Section 1915, Revised Statutes 1929 (Mo. Stat. Ann., sec. 1915, p. 2589), on the theory that title to real estate is involved. [Constitution, Art. 6, Sec. 12.] The subject of title to real estate being involved was considered quite at length by this court en banc in Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 2 S. W. (2d) 771. It was there said: "It is not to be understood that jurisdiction is always dependent upon the issues made by the pleadings or upon the technical perfection thereof. The kind of jurisdiction we are considering is appellate jurisdiction over the subject-matter. Unless a court have that, it cannot pass upon the sufficiency of the pleadings. [State ex rel. v. Shain, 297 Mo. 369, 381, 248 S. W. 591; 15 C. J. 734, sec. 35.] If the judgment rendered determine title, that is sufficient to classify the controversy, and title is involved in the constitutional sense, regardless of whether or not the pleadings are broad enough to sustain the judgment (Kennedy v. Duncan, 224 Mo. 661, 666, 123 S. W. 856; Watts v. Watts, 304 Mo. 361, 365, 263 S. W. 421), but it can be said, at least, the judgment must be such as would be responsive if a title issue were raised by the pleadings. It must be that kind of a judgment. Conversely, though the judgment rendered do not determine title, yet if the judgment sought by the appealing litigant would directly affect title, title is directly in issue, and therefore involved, but in that case the pleadings must be looked to to settle the question."

Clevenger v. Odle, 329 Mo. 387, 44 S. W. (2d) 622, was in partition and the appeal was to this court. In that case it was found by the trial court that the property was not susceptible of partition in kind, and in the interlocutory decree, ordered the land sold at the next regular term of the court. The decree also directed that the proceeds of the sale, after payment of costs, be divided among the plaintiffs and defendants according to their respective interests as set out in the decree. At the next regular term of the court the sheriff's report of sale was filed and approved, and the sheriff ordered to execute a deed to the purchasers and distribute the net proceeds of the sale to the parties in interest according to the judgment, and the cause was then continued to await the sheriff's final report of sale. Two days after the proceedings last mentioned and at the same term, four of the defendants and one of the plaintiffs filed a joint motion to set aside the order approving the sale and asked that the sale "be disaffirmed" and a new sale ordered. The motion to set aside was overruled and the parties who joined in the motion

to set aside appealed, and as stated, the appeal was granted to this court. Under the facts in the Clevenger case, we held that title to real estate was not involved. In ruling the question of jurisdiction in that case we said: "No title controversy was made by the pleadings or adjudicated by the court. Title was not contested nor in dispute. The court was not called upon to and did not adjudicate or determine title 'adversely to one litigant and in favor of another' or 'take title from one litigant and give it to another.'" Supporting the conclusion reached, on the question of jurisdiction, in the Clevenger case, we cited Nettleton Bank v. Estate of McGauhey, supra; Rawlings v. Rawlings (Mo.), 39 S. W. (2d) 367; Brockman v. St. Louis Union Trust Company (Mo.), 38 S. W. (2d) 1010; Kaufmann v. Kaufmann (Mo.), 40 S. W. (2d) 555; Hull v. McCracken, 327 Mo. 957, 39 S. W. (2d) 351; Devoto v. Devoto, 326 Mo. 511, 31 S. W. (2d) 805, and Weil v. Richardson, 320 Mo. 310, 7 S. W. (2d) 348. For title to be involved, within the meaning of the Constitution, so as to confer jurisdiction in this court, the "judgment must adjudicate a *title controversy*. The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or as some of the cases say, must take title from one litigant and give it to another." [Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 2 S. W. (2d) l. c. 774, and cases there cited.] In the present case as in the Clevenger case the judgment rendered, including the judgment or order overruling the motion to set aside, did not determine title "adversely to one litigant and in favor of another," and did not "take title from one litigant and give it to another."

For want of jurisdiction here, this cause should be transferred back to the St. Louis Court of Appeals, and it is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.