**Stella JOHNSON, Appellant,**

v.

**Mary WOODARD and Regina Goff,
Respondents.**

No. 48743.

Supreme Court of Missouri,

Division No. 1.

Dec. 11, 1961.

Jerome F. Duggan, Sidney W. Horwitz, St. Louis, Dubinsky & Duggan, St. Louis, of counsel, for appellant.

Sidney R. Redmond, St. Louis, for respondents.

PER CURIAM.

This is an appeal from an order and judgment of the Circuit Court of the City of St. Louis dismissing a petition for statutory partition of real estate. The St. Louis Court of Appeals, to which plaintiff originally appealed, transferred the case to this Court on the ground that the case involves title to real estate within the meaning of Constitution, Art. V, § 3, V.A.M.S. Johnson v. Woodard, Mo. App., 343 S.W.2d 646.

Stella Johnson's amended petition for partition alleged that Sara C. Young, fee simple owner of the land, devised it by her last will and testament to Mary V. Woodard, Stella Johnson and Regina Goff, "to share equally, and to the survivor of them"; that the interests of the respective parties were "as follows: Stella Johnson, an undivided one-third interest; Mary Woodard, an undivided one-third interest; Regina Goff, an undivided one-third interest"; that partition could not be made in kind without great injury to the interests of plaintiff and defendants; and prayed that the Court determine the right, title, interest and estate of the parties, order

partition and sale of the property, and a division of the proceeds. Defendants filed a motion to dismiss the amended petition, one ground of which was that "Plaintiff seeks in her petition to partition land which was left equally to her and to defendants Mary Woodard and Regina Goff 'and to the survivor of them'; the relief sought is specifically prohibited by section 528.130 of the Revised Statutes of Missouri, 1949."

On this appeal the plaintiff makes two points in support of its contention that the trial court erred in sustaining the motion to dismiss plaintiff's amended petition. Plaintiff contends (1) that her petition was sufficient to state a cause of action for partition, and (2) that it was error to dismiss the petition on the basis of Section 523.130,[1] RSMo 1949, V.A.M.S. (see Civil Rule 96.13, V.A.M.R.). Plaintiff takes the position in her brief that this devise did not create a life estate in the three devisees as joint tenants, with the remainder to the survivor of them, but that under Section 442.450,[2] RSMo 1949, V.A.M.S., it created a tenancy in common between the three devisees, and therefore the court had jurisdiction to decree partition between co-tenants of a life estate. Defendants take the position in their brief that the will created a joint estate for life in the three devisees, with a contingent remainder in the survivor of them, and that the circuit court had no jurisdiction to partition land devised to life tenants and a contingent remainderman.

■ In order for a case to involve title to real estate within the meaning of the Constitution, Art. V, § 3, V.A.M.S., the judgment "must adjudicate a title controversy. The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another." Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S.W.2d 771, 774. In Hull v. McCracken, 327 Mo. 957, 39 S.W.2d 351, the owner of land devised certain fractional interests in the land to named persons, and gave his executor power to sell the real estate to carry out the terms of his will. One of the devisees brought a partition suit against the other devisees and the executor, claiming the devisees were tenants in common. The case was defended on the ground that the land was not subject to partition because partition would contravene the will; that the devisees took no right, title or interest in the land subject to partition as real estate; that the will converted the land into personalty. Plaintiff's interest as given by the will was not disputed but it was contended there was an equitable conversion of the land. This Court held there was no title controversy whereby the judgment would take title out of one party and put it in another; that the question was one of construction, to determine "what rights the will gives the devisees on the one hand and the executor on the other * * *"; that no matter which way this question was answered "the title of the devisees will not be taken out of them, or any of them, and put in one of the other parties to this action," 39 S.W.2d l. c. 354. The cause was retransferred to the Kansas City Court of Appeals. In Kaufmann v. Kaufmann, Mo.Sup., 40 S.W.2d 555, a partition suit, plaintiffs claimed the parties plaintiff and defendant were owners of the real estate in fee simple as tenants in common. Defendants, conceding the parties were tenants in common in the fractional

---

1. "No partition or sale of lands, tenements or hereditaments, devised by any last will, shall be made under the provisions of this chapter, contrary to the intention of the testator, expressed in any such will."

2. "Every interest in real estate granted or devised to two or more persons, other than executors and trustees and husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy."

amounts as alleged, contested the right of plaintiff to maintain the suit on the ground that the will under which the parties held title vested in them a bare legal title in trust for certain purposes mentioned in the will. The determinative question was whether the partition sought was contrary to the intention of the testator as expressed in his will. Citing Hull v. McCracken, supra, and other authorities, it was held that title to real estate was not involved in such sense as to confer appellate jurisdiction on this Court. In Brockman v. St. Louis Union Trust Co., Mo.Sup., 38 S.W. 2d 1010, a partition suit, plaintiffs claimed the parties plaintiff and defendant held their undivided interests in certain fractions. Some of the defendants filed a demurrer to the petition alleging that to partition the land would be contrary to the intention of the testator as expressed in his will, which gave a power of sale to a trustee. Holding that "On the record, the only question for determination is the right of plaintiffs to partition, * * *" and that "The question of title is not presented for determination," the case was transferred to the St. Louis Court of Appeals. In Farmer v. Littlefield, 355 Mo. 243, 195 S.W.2d 657, 658, plaintiff brought a partition suit claiming that he and defendants were tenants in common. Defendants, not denying the rights and interests of the respective parties, contended that because of a provision in the will by which the parties held their interests in the land they were not to become tenants in common until after the expiration of an option—that the right to partition was postponed until then. The case was transferred to the Kansas City Court of Appeals on the ground that the title to real estate was not involved within the meaning of the constitution; that the real question involved was "whether the partition sought is contrary to the intention of the testator as expressed in his will." In Mack v. Mack, Mo.Sup., 281 S.W.2d 872, 874, this Court said: "If the sole question involved is the mere right to prosecute the action, not the substantive

fact of actually partitioning real estate in such a manner as to affect the title to the land, title to real estate is not involved."

█ Under these cases appellate jurisdiction is in the St. Louis Court of Appeals. Mary, Stella and Regina, the devisees, were each devised an identical one-third interest in the real estate. The nature, quality and extent of these identical interests depends and hinges upon a construction of the will. The only question before the trial court on the motion to dismiss and the only question before the court on appeal, is plaintiff's *right to partition* the real estate, in view of the manner in which it was devised by testatrix when considered in the light of § 528.130, supra; i. e., whether the partition sought is contrary to the intention of the testatrix as expressed in her will. This is a question of will construction, which the courts of appeal have jurisdiction to review on appeal. The question of title to real estate in the constitutional sense is not presented for determination, because no matter which way the court decided the motion to dismiss or should eventually decide the lawsuit on the merits, title would not be determined "adversely" to one litigant and in favor of another in the constitutional sense, or taken out of one and put in another party to the action. Each of the three parties, regardless of what construction the court might place on the will, would emerge from the litigation with exactly the same interest—either a one-third interest in the land with a right of survivorship, or a one-third interest in the proceeds of the sale of the land. The judgment sought would not determine title adversely to plaintiff and in favor of defendants, or take title from plaintiff and put it in defendants. The same is true of the judgment actually rendered, which merely was an order sustaining the motion to dismiss, and dismissing the petition. The question of title to real estate in the constitutional sense is not presented for determination. Compare Cunningham v. Cunningham, 325 Mo. 1161, 30 S.W.2d 63;

Clevenger v. Odle, 329 Mo. 387, 44 S.W.2d 622; Rawlings v. Rawlings, Mo.Sup., 39 S.W.2d 367; Cherry v. Cherry, Mo.Sup., 210 S.W.2d 78. The cause is retransferred to the St. Louis Court of Appeals.

All concur.