Turner v. Hine.

---

IRENE TURNER et al., Appellants, v. LEWIS T. HINE
et al.

Division Two, February 23, 1923.

1. **APPEAL: Right to Maintain Suit: Assignment by Respondent.** A
   contention in the trial court that the father of certain plaintiffs
   was incompetent to act as their next friend because of his non-
   residence is not for consideration on appeal where the judgment
   was for defendants and they did not appeal.

2. **EQUITABLE ACTION: No Affirmative Relief.** Although the an-
   swer sets up an equitable defense to an action at law, if no af-
   firmative relief is asked the case cannot be classified as a suit in
   equity.

3. **EQUITABLE CONVERSION: Devise of Real Estate: Direction
   to Sell.** Equitable conversion of real estate into personal property
   by will is a legal fiction, invented to protect legatees and carry
   out the intention of the testator, and is founded on the principle
   that a court of equity, which regards the substance and not the
   mere form of an instrument, will consider that directed to be done
   as having been done, where nothing has intervened which ought
   to prevent a performance; and in a proper case it will be applied
   to an action at law.

4. ———: ———: ———: **In Suit to Quiet Title: Trust Fund.** Where the testator by his will directed his executor to sell his interest in real estate and distribute the money arising from the sale among named legatees, the doctrine of equitable estoppel will be applied to an action at law, brought by some of such legatees against the others, to determine their interest in the lands and quiet the title, not in its fullness, but more to designate the character of the property than to effect its actual conversion, which occurs only upon the sale of the lands, and thereupon the proceeds become a trust fund in the hands of the executor for the payment to the legatees of their respective interests therein.

5. ———: ———: ———: **Reconversion.** Legatees have the right to modify or annul the application of the doctrine of equitable conversion, under what is termed reconversion, and elect to take the lands devised by the will instead of the proceeds of its sale; and that right is necessarily incidental to the doctrine of equitable conversion, and is based upon the principle that the conversion is wholly for the benefit of the legatees, and they, being in fact the owners of the property and *sui juris*, may contract in regard to it as they deem proper.

6. ———: ———: ———: ———: **Conveyance by Legatees.** A conveyance by all the legatees of their respective interests in land before its sale by the executor, who by the will was directed to sell it and distribute the proceeds among them, is an election to reconvert the property into real estate. But where eight legatees are named in the will, and seven of them convey their interests to a common grantee, their conveyance does not restore the original character of the property as real estate, for that would be to modify the terms of the will, and to preclude a determination of a measure in money of the interest of the remaining legatee, which can be ascertained only by a sale.

7. ———: ———: ———: ———: ———: **Remaindermen: Life Estate: Suit to Quiet Title: Judgment.** Where the testator, who was the owner of an estate for the life of another, by his will directed his executor to sell his interest in the real estate and distribute the proceeds among eight named legatees, and the plaintiffs, who are the owners of the remainder in fee, there having been no sale by the executor, acquired by deeds the interests of seven of the legatees therein, and have brought an action against the remaining legatee to determine the interest of all the parties and to quiet the title to the lands, a judgment that plaintiffs have no title, that defendant is entitled to the land, and, not being susceptible of division in kind, that it be sold and the proceeds divided among the legatees, is error. The title remained in the plaintiffs, notwithstanding the conversion by the testator of the life estate

owned by him into personal property upon the execution of the power, and the judgment should be that such life estate be sold by the executor, and seven-eights of the proceeds be awarded to plaintiffs and the remaining eight to defendant, and that the plaintiffs be adjudged the owner of the remainder in fee.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED (*with directions*).

*Owen & Davis* for appellants.

The court committed error in finding that plaintiffs had no right, title, interest or estate in and to the land in controversy and in rendering judgment according. (1) The answer of the answering defendants admit that Lewis Hine, under whom all of the defendants deraign title, if any, only owned an estate in the land in question for the life of C. E. Turner. (2) The evidence shows conclusively that plaintiffs were, at the time of the filing of this suit and at the time of the rendition of judgment, the owners in fee of said land, subject to the life estate, by curtesy, of C. E. Turner, who conveyed said life estate to Lewis Hine. (3) The uncontradicted evidence shows that, after the filing of this suit and before trial, plaintiffs, by quitclaim deed, acquired all of the right, title, interest or estate of all of the heirs at law of Lewis Hine, deceased, except the interest of Edith Spencer. (4) The uncontradicted evidence shows that the executor of Lewis Hine had on hands at the time of the trial sufficient funds to pay all of the unpaid legacies and the expenses of administration, and that all of the debts of the deceased had been paid. The court, therefore, should have held that the power of sale vested in the executor, under the will, to sell real estate had lapsed. (5) Under the pleadings and the uncontradicted evidence in the case, the judgment and decree should have been that the plaintiffs were the owners in fee of the land in question, subject to the life estate of C. E. Turner therein, and that plaintiffs had

acquired and were the owners of all of said life estate, except the interest of Edith Spencer therein, which is one-eighth, there being eight children of said Lewis Hine. (6) If the will of Lewis Hine, deceased, authorizes and empowers the executor to sell the life estate conveyed to the testator by C. E. Turner, regardless of the fact that the executor may have on hands fund sufficient to pay all legacies, expenses of administration, etc., then the court should have found and adjudged that the plaintiffs, having acquired by deed all of the interest and title of all of the heirs, except Edith Spencer, of Lewis Hine, were entitled to the shares of said heirs in the proceeds of any sale made by the executor under said will. Williams v. Lobban, 206 Mo. 399, 416. (7) Unless the intent of the testator to convert all of his real estate into personalty, under the power of sale conferred upon his testator is clearly expressed it was the duty of the court to hold against the exercise of the power. 13 Corpus Juris, sec. 6, p. 854; 13 Corpus Juris, sec. 31, p. 864.

*J. D. Harris* for respondents.

(1) A devise of land to the executor with power and direction to sell and convert the land into money and divide the fund realized from the sale to designated legatees, operates as an equitable conversion. That is to say, the realty is, on the death of the testator, in equity, deemed converted into money, and the estate is not one in realty, but of personalty. The legatee takes no title to the land but takes title to the property as personalty in the hands of the executor. The conversion operates in law immediately upon the death of the testator. Williams v. Williams, 145 Mo. App. 382; Morris v. Stephenson, 128 Mo. App. 338; Stewart v. Jones, 219 Mo. 614; Borland on Wills, pp. 555, 556; Francisco v. Wingfield, 161 Mo. 542; Woerner's Law of Administration, sec. 342; 6 R. C. L. 1074. (2) Where the doctrine of equitable conversion applies, in order for the legatees to reconvert the property from money back to land, it is necessary

that all of the parties in interest agree to and concur in the reconversion. Stewart v. Jones, 219 Mo. 614; 6 R. C. L. 1087, 1091. Edith A. Spencer, one of the legatees named in the 7th clause of the will, has an interest in the fund to be derived from the sale of the land and insists on taking under the will, that is to say, that the executor proceed with the sale under the will and that she be given her part of the fund. It is apparent that the land must be sold. Only 20 acres in area and having only a life estate interest, for these legatees to get any beneficial enjoyment out of it, it must be sold, as they are so numerous the life estate could not be divided in kind, and to rent it out, even if it is susceptible of producing an income, the proceeds would be so small as to be negligible as a productive property. (3) The legatees under the 7th clause of the will who joined as grantors in the deed to plaintiffs acquired no interest in the land, since there was an equitable conversion of the same into personalty as of the date of the death of the testator. Their interest was only in the fund, in the personalty. Their quitclaim deed on the land was wholly ineffectual to reach the fund. Morris v. Stephenson, 128 Mo. App. 338. The decree of the court was, therefore, in all respects proper. The court by its decree construed the 7th clause of L. Hine's will, and held that it provided for an equitable conversion of the land into personalty, and that the legatees in that clause named were entitled to the fund, and directed the executor to sell the land and to apply the fund as directed in that paragraph of the will and to distribute the remainder among the legatees there named. That is all the court could do. The executor on a sale and on distribution of the fund could not distribute the same to the grantees in the quitclaim deed, because by that instrument the parties only intended to effect the title in the land and having no interest therein, the title remained unchanged. The quitclaim deed was not intended as an assignment of interests in the fund.

WALKER, J.—This is an action brought under Section 1970, Revised Statutes 1919, to determine the

interest of the parties in and to quiet the title to the land in controversy. There was a trial before the court and a finding and judgment that the plaintiffs had no title, estate or interest in the land; and that the defendants were entitled to the same. The land, not being susceptible of division in kind, was ordered sold and the proceeds equally divided among the defendants. From this judgment the plaintiffs have appealed. The land is described as the north half of the northeast quarter of the southeast quarter of Section 36, Township 29, Range 30, Jasper County, and embraces, according to governmental subdivisions, twenty acres. The plaintiffs are the children and heirs of Mary J. Turner, deceased, a daughter of Lewis Hine, who died in September, 1912. Mary J. Turner, plaintiffs' mother, acquired title to the land by a warranty deed from W. S. Grissum and wife. Upon her death, her husband, C. E. Turner, conveyed his estate by the curtesy in the land to Lewis Hine. The latter died testate, leaving surviving him his wife, Susan Hine, who died before this suit was brought, and the following children, to-wit: Lewis T., Thomas S., George A., and Amos A. Hine, his sons, and Cora M. Clay, Ida B. Woods and Edith A. Spencer, his daughters; and Pearl Snow, Jessie D. Frank and Vernie P. Hine, his grandchildren, who were the children of his son Rufus W. Hine, deceased; also his grandchildren, the plaintiffs.

The seventh clause of the will of Lewis Hine directed his executor, Carl Spencer, to sell all of his real estate; and after the payment of his debts, including funeral expenses, costs of administration and certain bequests, to divide the remainder of his estate equally among certain children and grandchildren named therein.

After the death of Susan Hine, the widow of the testator, the executor sold the homestead under the power contained in the will. So far as the record discloses there remains no other land belonging to the estate of the testator than that in controversy.

After the payment of all of the debts and all of the bequests, excepting a few inconsiderable in amount, the executor reported that he had on hand $500, which was sufficient to satisfy all unpaid bequests, debts and court costs. After the filing of this suit, plaintiffs, by quitclaim deed, acquired the title and interest of all of the beneficiaries under the seventh clause of the will of Lewis Hine, which includes all of the defendants except Edith A. Spencer. She and Carl Spencer alone filed answers. Therein they alleged that C. E. Turner, the father of the plaintiffs and the husband of Mary J. Turner, deceased, in May 1910, became a tenant by the curtesy of the land, and on the said date conveyed the life estate thereby created to Lewis Hine, who died testate, seized of the interest therein of C. E. Turner, who is still living.

The defendant Edith A. Spencer claims no greater interest in the land or the proceeds arising from its sale than her share as a legatee, which is a one-eighth, in the life estate conveyed by C. E. Turner to her father Lewis Hine.

Upon these facts the court rendered judgment for the defendants. The controversy, as presented by the briefs of counsel, is as to the right of the plaintiffs to bring this suit, and the power of the executor to sell the land in question and distribute the proceeds as directed in the will.

The tenor of the seventh clause of Lewis Hine's will is as follows:

"7. I will and direct that my executor, hereinafter named, sell all of my real estate at private sale, or public sale, without any order of court therefor, on such terms of payment as he shall think best, and he make deeds of conveyance to the purchasers thereof, and that after the payment of my debts, funeral expenses and expenses of executing this will and the payment of all of the foregoing bequests, all the remainder of my estate and property shall be equally divided between said Lewis T. Hine, Edith A. Spencer, Thomas S. Hine, George A. Hine, Ida B. Woods, Pearl M. Snow, Jessie, D. Frank and Vernie P. Hine,"

I.  The contention made by the defendants during the trial as to the non-age of certain plaintiffs and the incompetency of their father to act as their next friend in this proceeding by reason of his non-residence, is not for our consideration.  The defendants prevailed below.  There is no cross-appeal and we are concerned only with the errors preserved by the plaintiffs who are appellants.  [Ross v. First Presby. Church, 272 Mo. 96; Schee v. Boone, 243 S. W. (Mo.) l. c. 884 and cases.]

*Questions for Consideration.*

II.  Under the seventh clause of the will we are confronted with the question as to whether the testator in directing his executor to sell the land in question and distribute the money arising from the sale among the legatees named, created a fictional or constructive alteration of the nature of the land by which it is to be considered as personalty and dealt with as such.  This legal fiction was invented to protect beneficiaries and sustain and carry out the intention of a testator.  It is designated in legal terminology as the doctrine of equitable conversion.  The principle upon which it is founded is that a court of equity which regards the substance and not the mere form of an instrument will consider things agreed upon or directed to be done as having been done where nothing has intervened which ought to prevent a performance.  [Craig v. Leslie, 3 Wheat. (U. S.) 563, 4 L. Ed. 460; Griffith v. Witten, 252 Mo. 627; Nall v. Nall, 243 Mo. 247; Bernard v. Keathley, 230 Mo. 209.]

This is an action at law.  Although the answer sets up an equitable defense, no affirmative relief of this character is asked.  This is an essential to the classification of the case as one in equity.  [Koehler v. Rowland, 275 Mo. 573, 9 A. L. R. 107.]  A question may, therefore, arise as to the application of the doctrine of equitable conversion in this case.  In other jurisdictions where, as in Missouri, the distinctions between proceedings at law and in equity, while not obliterated, have been rendered

Turner v. Hine.

less distinct by statutes and construed with great latitude, the doctrine has been applied in actions at law without the power of the courts to thus proceed being questioned. There is a growing tendency on the part of the courts in the administration of justice to give less heed to the forms of actions and more to their substance. Thus prompted, the application of the doctrine in the determination of this case is not unwarranted.

It is clear from the terms of the will that the testator intended the land to be sold by his executor and the proceeds distributed among the legatees. The power thus conferred authorizes the application of the equitable doctrine above defined, not in its fullness, but only in a fictional or constructive sense, serving more to designate the character of the property then to effect its actual conversion which only occurs upon the sale of the land. [Nall v. Nall, 243 Mo. l. c. 257.] Upon its occurrence, the proceeds of the sale would become a trust fund in the hands of the executor for the payment to the legatees of their respective interest therein. [Carr v. Barr, 243 S. W. (Mo.) l. c. 102.] Without more, the affirmance of the judgment of the trial court would be authorized. The right of the legatees, however, to modify or annul the application of this doctrine under what is termed a re-conversion, is well established; it has been evolved from and is of necessity incidental to that of conversion and under it the legatees are authorized during the constructive status of the property, to elect whether they will take the land rather than the proceeds arising from the sale of same. [Clifton v. Owens, 170 N. C. 607; Snell's Eq., 160; 13 C. J. sec. 80, p. 885 and notes.] The exercise of the right of reconversion is based upon the principle that the conversion being for the sole benefit of the persons to whom the proceeds of the sale of the land are to be paid, they are, in fact, the owners of the property and may, being *sui juris,* contract concerning it as they may deem proper. [De Lashmutt v. Teetor, 261 Mo. 412; Griffith v. Witten, 252 Mo. 627; Sherley v. Sherley, 232 S. W. (Ky.) 53.]

It appears that since the institution of this suit all of the legatees named in the seventh clause of the will, except Edith A. Spencer, have conveyed their interests in the land to the plaintiffs. So far as concerns the timeliness of this election, it is not to be questioned, as the land has not been sold by the executor. But for the failure or refusal of Edith A. Spencer to elect, this conveyance would suffice to authorize the application of the doctrine of reconversion.

The character of the ownership of the property may well be determined, in the absence of any other more cogent proof, by the manner in which it has been disposed of by the owners. The owners having resorted to the formalities of a deed of conveyance to dispose of their interests, not only is the inference permissible but the conclusion authorized that they chose to regard such interests as in the nature of realty, or in other words, so far as their individual interests are concerned, that they elected that the property should retain its original character instead of being converted under the terms of the will into personalty. Regarding their ownership as that of real estate, they conveyed it as such. It is held, however, in many cases, that to authorize such an election the conveyance should embrace the interests of all of the owners. As was said by ELLISON, P. J., in Gilbreath v. Cosgrove, 193 Mo. App. 422, citing many cases: "The weight of authority is that all of the beneficiaries must elect." This question was discussed in Williams v. Lobban, 206 Mo. 399, but was not decided. While the rule is as stated in the Gilbreath Case, if it appears that the estate is of such a character that a conveyance by one or more of the beneficiaries will not impair the interests of the others then the election is authorized. This rule is in effect briefly stated in Pomeroy's Equity, where the right of election is held to exist in less than all when such election cannot possibly injure those not joining therein. (3 Pom. Eq. Jur., sec. 1176; Bank of Ukiah v. Rice, 143 Cal. l. c. 273, 101 Am. St. 118; Ebey v. Adams, 135 Ill. 80, 10 L. R. A. 162.]

An insuperable diffculty exists, however, in holding that the conveyance of the interests of the other legatees than Edith A. Spencer, to the plaintiffs, restored the original character of the property as land, and thus modified the terms of the will. To so hold would preclude a determination as to the measure in money of Edith A. Spencer's one-eighth interest. This can only be ascertained by a sale of the property. To hold otherwise would, in our opinion, tend to impair her interest.

In thus ruling, we would not be understood as holding that the plaintiffs have no interest in this property and in the proceeds arising from the sale of same. They now own the remainder in the fee therein, and the judgment below should have so held, as the purpose of a proceeding under the statute (Sec. 1970, supra) here invoked, is to ascertain and determine, as asked in the pleadings, all of the rights, claims, interests, etc., of the parties or any one of them concerning or affecting the property. [Utter v. Sidman, 170 Mo. 284; Richards v. Mining Co., 221 Mo. 149; Evan. Church v. Schreiber, 277 Mo. l. c. 126.] In addition, they own the interests of the legatees other than Edith A. Spencer, limited to the life tenure of C. E. Turner. They acquired these interests through the conveyance made to them by the legatees. The latter's ownership cannot be gainsaid. The will did not invest the executor with any title to the land, but simply conferred upon him the naked power of sale. The title remained in the legatees subject to the conversion of the land into personalty upon the execution of the power. [Williams v. Lobban, 206 Mo. 399; Reed v. Underhill, 12 Barb. (N. Y.) l. c. 117.] The legatees, being *sui juris,* had a right to sell and convey their respective interests; that they chouse in so doing to treat the property as unchanged by the terms of the will and to convey it as realty does not render their transfer invalid. [Mandlebaum v. McDonell, 29 Mich. 78, 18 Am. Rep. l. c. 66.] It may be considered, so far as concerns the disposal of their individual interests, as an election to modify the terms of the will, but lacking unanimity of

action it did not effect a reconversion. Despite this fact, the transfer being valid, the interests of the legatees named passed to the plaintiffs, who are entitled to the distributive share of their grantors, the legatees, upon a sale of the property by the executor whose power in the premises has not been abrogated by the transaction. The property, i. e. the life estate, therefore, should be sold by the executor in compliance with the terms of the will; and the proceeds arising therefrom paid to the parties according to their respective interests; to Edith A. Spencer, one-eighth; and to the plaintiffs as the successors in interest of the other legatees, the remaining seven-eighths. This determination of the matter accords with the intention of the testator and protects the rights of all of the parties in interest. In short, it does justice, and not by halves. All the interested parties being in court, a judgment is rendered which, while adjusting contested rights, protects the parties from future litigation.

These conclusions require a reversal and a remanding of this case with directions to the trial court to enter judgment herein in conformity with this opinion. It is so ordered. All concur.