172

Louis R. Kaufmann and Caroline Kaufmann, his Wife, Appellants, v. Otto H. F. Kaufmann and Maud T. Kaufmann, his Wife, Albert G. H. J. Kaufmann and Rettie Thompson Kaufmann, his Wife, Matilda F. Petzoldt and Otto Petzoldt, her Husband, Lillian Rudert, a Single Person, Flora Rudert Brinkopf and Henry Brinkopf, her Husband, Otto Rudert and Cora Rudert, his Wife, and Edwin Rudert and Frances Rudert, his Wife, Respondents.—4$\frac{48}{3}$ S. W. (2d) 879.

St. Louis Court of Appeals. Opinion filed December 8, 1931.

*Spradling & Dalton* for appellants.

174

*J. Grant Frye* for respondents.

NIPPER, J.—This is an action for the partition of real estate. The parties are the heirs and devisees of George Kaufmann, deceased.

The petition alleges that the plaintiffs and defendants are the owners as tenants in common of the real estate described therein, and that each is seized of a designated fractional part, and that the premises cannot be partitioned in kind without great prejudice to the owners thereof. The petition asks that the land be sold and the proceeds divided among the parties according to their respective interests.

The answer admits that the parties to the cause are seized of said real estate as tenants in common for the fractional amounts alleged

by plaintiffs, but say that each is seized of a bare legal title held in trust for the purpose of the testator's will.

The evidence discloses that in January, 1917, George Kaufmann died seized of certain real estate in Cape Girardeau County, consisting of a house and lot in the City of Jackson; that it could not be partitioned in kind; that at the time of his death, the heirs of George Kaufmann were his widow, Emilie A. Kaufmann, Louis R. Kaufmann, Otto H. F. Kaufmann, Albert G. H. J. Kaufmann, Matilda Petzoldt, Lillian Rudert, Flora Rudert Brinkopf, Otto Rudert, and Edwin Rudert; that the other defendants were the husbands or wives of the several heirs. The widow died in March, 1925. George Kaufmann left a will, which was admitted to probate on the 10th of January, 1917, the pertinent parts of which are as follows:

"Second: I give and bequeath to my beloved wife, Emilie A. Kaufmann, all of my real and personal property and all of the rent and profits she may derive therefrom during her natural life; and at her death I direct that all of her just debts and funeral expenses shall be paid.

"Third: As soon as convenient after the death of my wife I direct that all real and personal property shall be sold at public sale and the proceeds thereof shall be disposed of in the following manner:

"(a) The sum of six hundred dollars to the children of my deceased daughter, Emma M. Rudert.

"(b) The sum of one dollar to my son, Louis R. Kaufmann, as I have made him advancements.

"(c) The sum of six hundred dollars to my daughter, Matilda F. Petzoldt.

"(d) The sum of six hundred dollars to my son, Albert G. J. H. Kaufmann.

"(e) The sum of one dollar to my son, Otto H. F. Kaufmann, as I have made him advancements.

"Fourth: If after the payments of the debts and bequests herein provided for there be any estate left, then I direct that the residue be equally divided between all of my children or their heirs.

"Fifth: I hereby nominate and appoint my sons, Albert G. H. J. Kaufmann and Otto H. F. Kaufmann, as executors of this my last will and testament."

The executors appointed under the will qualified, and administered on the estate, and on the 13th of February, 1918, made final settlement, and on August 12th filed their final receipts, including distributive receipts of the several heirs and legatees under the will, and were finally discharged. Shortly after the death of Emilie A. Kaufmann, the several heirs all entered into the following agreement in writing:

176

"We, the undersigned heirs and legal representatives of Mrs. Emily Kaufmann, deceased, hereby enter into the following agreement, to-wit:

"WHEREAS, George Kaufmann, by his will, dated May 19, 1916, and recorded in Book 64 at page 390, on January 27th, 1917, provided, in paragraph three of said will that after the death of Emilie Kaufmann, the wife of the said George Kaufmann, all the real estate and personal property, then left out of the estate of the testator shall be sold to the highest bidder at public auction; and

"WHEREAS, it is now considered expedient and to the best interest of the heirs that said real estate be sold at private sale and not at public auction, and that the said personal property be sold at public auction as provided in said will;

"NOW, THEREFORE, it is hereby mutually agreed and covenanted by all the heirs of said George Kaufmann and Emily Kaufmann, that said real estate be sold at private sale as soon as a price is offered for said real estate that is acceptable to all the parties hereto; and we further agree that the personal property be sold at public auction as agreed upon by the parties hereto and by the conditions of said will and testament.

"LOUIS R. KAUFMANN,
"MATILDA F. PETZOLDT,
"A. G. KAUFMANN,
"OTTO H. KAUFMANN,
"E. RUDERT,
"P. RUDERT,
"FLORA M. BRINKOPF,
"LILLIAN RUDERT."

Albert G. H. J. Kaufmann and Otto H. F. Kaufmann looked after the real estate, collected the rents, took care of the property, and distributed the proceeds equally among the heirs.

About the latter part of January, 1927, the last two named parties advertised the real estate for sale, and before the sale and on the day set for the sale, this suit was instituted. Immediately thereafter the last two named parties applied to the Probate Court and were granted letters testamentary d. b. n. c. t. a. Albert G. H. J. Kaufmann and Otto H. F. Kaufmann testified that they did not know they had been finally discharged as executors until a day or two before or about the date the property was advertised for sale. The court denied partition, on the ground that the allowance of partition would be contrary to the intention of the testator and would contravene the express terms of the will.

The sole question, therefore, presented to this court for its consideration is whether or not there was a reconversion by the beneficiaries under the terms and provisions of the will.

Where a testator directs a conversion of real estate into personalty, in the absence of an election by all the beneficiaries to effect a reconversion, the land is not subject to partition. A partition of lands cannot be made contrary to the intention of a testator expressed in his will. A discussion of the application of this doctrine may be found by reference to the following cases in Missouri: Williams v. Lobban, 206 Mo. 399, 104 S. W. 58; Nall v. Nall, 243 Mo. 247, 147 S. W. 1006; Turner v. Hine, 297 Mo. 153, 248 S. W. 933; Gilbreath v. Cosgrove, 193 Mo. App. 419, 185 S. W. 1181; Cannon v. Curtis, 175 Mo. App. 84, 157 S. W. 860. It is also a well-settled rule in equity that where a testator directs land to be sold and the proceeds divided among certain designated beneficiaries, such beneficiaries may before the sale elect to take the land instead of its proceeds. When such beneficiaries have so elected and manifested their intention to elect in a sufficient manner, the authority to sell the land cannot thereafter be exercised by the executor, but is extinguished. The estate is reconverted into real property, and the relation of the beneficiaries to the land is the same then as if it had been directly devised to them. In 6 R. C. L., p. 1090, section 22, it is stated:

"This right rests on the presumption that the power of sale given to the executor was intended for the benefit of the beneficiaries, and on the principle that as they are the absolute owners of the entire property in the land, they have the right to direct the disposition to be made of it; and also in consideration of the practical effect of a contrary rule."

Thus, as to the manner of election, such an election must be assented to by all of the beneficiaries or devisees. We are inclined to the view, after careful examination of the authorities upon this proposition, that there was a reconversion so as to entitle plaintiffs to maintain this action in partition. The sole purpose of the will and the power of sale contained therein was to pay these specific legacies. Instead of selling the property as directed by the will, the executors did not attempt to do so until shortly before this suit was filed. The written agreement signed by all of the heirs immediately after the death of the widow and almost two years before the filing of this suit shows, we think, an election to take the property as real estate. This reconversion took place prior to the sale. The heirs and beneficiaries elected not to have the property sold at public sale in accordance with the terms of the will, but to have it sold at private sale if and when a suitable purchaser could be found. We do not think respondents could reject the terms of the will with respect to the manner of sale, and by mutual consent undertake to change the terms of the will in this respect, and still contend

that there was no reconversion. We are of the opinion that the trial court was in error in entering judgment for defendants.

The judgment is, accordingly, reversed, and the cause remanded. *Haid, P. J.*, and *Becker, J.*, concur.