JAY W. HOLMES, RESPONDENT, v. CECIL SCOTT ET AL., DEFENDANTS; CECIL SCOTT, APPELLANT.—105 S. W. (2d) 966.

Kansas City Court of Appeals. May 3, 1937.

*Frank W. Armstrong* for respondent.

*R. H. Musser* for appellant.

SPERRY, C.—Eliza A. Holmes, died testate May 5, 1927, leaving a tract of land, the subject of this lawsuit. She devised the land to Jay W. Holmes, a son, who will be known here as plaintiff, for a term of five years, at the end of which time she directed that the land be sold and the proceeds divided equally between the plaintiff and Cecil Scott, who will be called defendant. The will authorized her executor to sell all of her property and receive the money therefor in order to effect division of her estate. This latter provision applies to personal property as well as to real estate. Defendant succeeded the original executor as administratrix with will annexed after the personal property had all been distributed, and further

administration was, by order of the probate court, continued until May of 1932. In 1929, defendant conveyed her undivided interest in the land to Gerald Cross, in trust, to secure payment of a note given to a bank. In 1934, Leila Rumble obtained judgment against defendant, which judgment was a lien against her interest. Defendant, as administratrix, had advertised the land for sale twice but did not appear at the time and place mentioned in the advertisement on either occasion. Plaintiff sued defendant, also naming Cross, the mortgagee bank, and Rumble, in partition, in the September term, 1935. The Circuit Court rendered a decree adjudging that the land be sold in partition by the sheriff and the proceeds paid over to plaintiff and defendants according to their interests. From this judgment defendant Scott alone appeals.

Both parties to the appeal agree that where, as here, by will, an estate in land is created for a term of years with directions that it be sold at the termination thereof, and the proceeds divided among ,certain designated beneficiaries, there is an equitable conversion of the remainder from realty into personalty. That is the law. [13 C. J., page 868, section 34; Turner et al. v. Hine et al., 297 Mo. 153, l. c. 161.] In such case the land is not subject to partition. [20 R. C. L., page 719, section 5; Kaufmann et al. v. Kaufmann et al., 226 Mo. App. 172, l. c. 177; Bank of Ukiah v. Rice, 143 Cal. 265, l. c. 271.] But it is also settled law that when all beneficiaries of such a provision consent thereto there may be a reconversion by the annulment of the constructive conversion. Thus, in contemplation of equity, it may be restored to its original state, provided this be done before there has been any actual change in the property. [13 C. J., page 885, section 80.] Where the provision of the will is as it is here, and where the land had not yet been sold and converted into cash, as here, the beneficiaries could elect to accept the land in its original state and thus reconvert it. [13 C. J., page 889, section 88;. Nall v. Nall, 243 Mo. 247, l. c. 257; Turner et al. v. Hine et al., 297 Mo. 153, l. c. 161.] Such election need not be simultaneous upon the part of all beneficiaries, although it must be unanimous. [Williams v. Lobban, Admr., 206 Mo. 399; Nall v. Nall, *supra.*]

There is no question but that defendant elected to reconvert when she made, executed, and delivered the trust deed introduced in evidence, and which still continues in force and effect. She necessarily claimed the real estate as such by the very terms of the trust deed. [Schneider v. Schneider, 135 Kan. 734; 13 C. J., page 838, section 83; Nall v. Nall, 243 Mo. 247, l. c. 258.] The filing of the partition suit by plaintiff was a positive and unequivocal election to reconvert upon his part. [13 C. J., page 887, section 82; Nall v. Nall, *supra,* l. c. 259; Bank of Ukiah v. Rice, 143 Cal. 265, l. c. 274.] The difficulty here is that defendant, although having theretofore elected to reconvert, now insists that it be treated as personalty, and so in-

sisted when she filed answer to the partition suit. The case differs slightly from the Nall case, *supra*, in that respect; and it differs from the case of Williams v. Lobban, Admr., *supra*, in that, in the latter case, all of the beneficiaries had elected to reconvert and had deeded to one person. It was there held that the administrator could not force a sale against him because he was entitled to the proceeds of the sale, and since he could elect to take the land as such, he was not bound to submit to a sale. It also differs from Turner et al. v. Hie et al., 297 Mo. 153, l. c. 164, for there the objector to the partition sale was one who had never elected to reconvert and therefore had a right, under the will, to have the administrator sell and to have her share paid to her in cash.

The only question for determination here is: When all beneficiaries save one have elected, can any one of those who have elected prevent a partition suit filed by the remaining one who had not theretofore elected? We have not found any Missouri case squarely holding on this point. We hold that there can be no actual reconversion of the interest of one beneficiary where such may injure any of the others, unless and until the last remaining one elects to reconvert and until that event occurs, the property continues to be personalty. [Turner et al. v. Hine et al., 297 Mo. 153, l. c. 162.] But when the last outstanding shareholder elects to reconvert, as is the case here, then the election by all of the beneficiaries is complete and the reconversion takes place automatically. [Hull v. McCracken, 39 S. W. (2d) 351, l. c. 354.] It is then too late to attempt a revocation of a prior election. That is the inescapable conclusion to be reached from an analysis of Turner et al. v. Hine et al., *supra*, as it is stated there that had there been unanimity of election by all beneficiaries a reconversion would have resulted. The other leading Missouri authorities herein cited leave virtually no other conclusion to be reached, although we do not think any of them have flatly so held, because the precise question was not involved. But such, we think, is virtually declared to be the law in Bank of Ukiah v. Rice, *supra*, l. c. 274, and this case is universally quoted as the leading case on the subject of equitable conversion. [See also Williams v. Lobban, Admr., 206 Mo. 399, l. c. 418.]

It would be inequitable to hold that one may elect to reconvert and thus hold out to others that such an election had been made and induce them to act upon that assumption by deeding their interests or by incurring expenses by instituting a partition suit, only to find that the first had changed his or her mind. [Spratt v. Lawson, 176 Mo. 175.] This is a suit at law but the defense is equitable, and equitable principles should influence its consideration. [Schneider v. Schneider, 135 Kan. 734, l. c. 739.]

Having ruled that a reconversion was effected when plaintiff filed his suit in partition, it follows that the administratrix was not a

694

necessary party to this action because she never had any vested title to the land but only had a naked right to sell. [Hull v. McCracken, 39 S. W. (2d) 351, l. c. 354.] After reconversion the power of the executor is extinguished and cannot be revived thereafter. [Bank of Ukiah v. Rice, *supra*; Williams v. Lobban, Admr., *supra*, l. c. 419.]

The judgment is affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.