Nancy DICKSON, Tommy Dickson, Jimmy Dickson, Gene Dickson, Larry Dickson, and Esther Coffman, Plaintiffs-Appellants.

v.

Floyd DICKSON, Melba Whitney, Candy Dassero, and Peggy Benkey, Defendants-Respondents.

No. KCD30636.

Missouri Court of Appeals, Western District.

Dec. 3, 1979.

James A. Rahm, Carrollton, for plaintiffs-appellants.

Christian F. Stipp, David Thomas, Stipp & Thomas, Carrollton, for defendants-respondents.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

DIXON, Presiding Judge.

Plaintiffs appeal a trial court order dismissing a petition for partition of real estate on defendants' motion.

The sole issue which requires decision is whether partition is barred, pursuant to § 528.130 RSMo 1978, under the will by which plaintiffs and defendants acquired title.

Before recitation of the facts, a preliminary procedural issue needs resolution. After plaintiffs' petition was filed, defendants' motion to dismiss was filed, to which was attached a copy of the Will of Jess Dickson. Admittedly, this will was the source of title of both plaintiffs and defendants. Plaintiffs assert that since the motion was not verified, the will was not before the trial court and is not before this court and that this court is confined to the face of plaintiffs' petition in testing its sufficiency vis-a-vis the motion to dismiss.

Rule 55.27(a) specifically covers the issue. In pertinent part, that rule provides:

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04."

Defendants' motion did assert a failure to state a claim upon which relief might be granted, and it was filed over two years prior to the court's ruling on the motion. The plaintiffs filed nothing to deny effect to the will and certainly two years provided a reasonable opportunity to do so. The motion, the petition, and the will are to be treated as a motion for summary judgment under the Rule. *Kelly v. Schnebelen,* 545 S.W.2d 332, 334 (Mo.App.1976). Plaintiffs claim that the motion reaches only the face of the petition is refuted by *American Family Insurance Group v. Wilcoxson,* 572 S.W.2d 222, 223 (Mo.App.1978), which in dealing with a similar argument said:

"Plaintiff argues that a motion to dismiss is tested only against the petition, and on its face the petition is immune from the real party in interest defense because it asserts the plaintiff was an assignee. To countenance this argument would allow an imposter plaintiff to bootstrap himself into a lawsuit through the allegations in his petition and defer the discovery of his imposition until after the trial proper has begun and after unnecessary investment of time and expenditure. To require such a dilatory disposition of a potentially dis-

positive issue would violate the announced policy of the Missouri Rules of Civil Procedure which is to 'secure the just, speedy and inexpensive determination of every action.' Rule 41.03."

Considering then the petition, the motion, and the will, as well as the undisputed factual background supplied by the briefs, the following factual matrix emerges. Jess Dickson died December 16, 1976 and was the owner of 189 acres described in the petition. No suit was filed to contest his will, and the time for such filing has expired. The pertinent portions of his will are as follows:

## "ITEM IV

All of the farm land that I may own at the time of my death is not to be sold until Fifteen (15) Years after my death. Said farm land is to be farmed by Nolan Whitney, or his son, on the rental basis they are paying at the time of my death, so long as they wish to farm said land during this 15 years. My Executor or his successor shall have the right to manage this land, collect all rentals, and after the payment of all expenses, pay the profits, at the end of each year, in equal shares to my nephews or nieces living, or to their bodily heirs. At the end of this 15 year period this land is to be sold by my Executor or his successor for the best price obtainable, without any order, or decree from any Court and the proceeds to be divided equally between all of my nephews or nieces living at the time of said sale or to their bodily heirs.

## ITEM V

All the rest, residue and remainder of my property whether real, personal or mixed and wheresoever the same may be located, I give, bequeath and devise, equally, share and share alike to my nephews and nieces, namely:

1—Tommy Dickson

2—Jimmy Dickson

3—Jean Dickson [1]

4—Larry Dickson

5—Nancy Dickson

6—Floyd Dickson

7—Melba Whitney

8—Esther Coffman

9—Virgil Miller

Should any of my nephews or nieces predecease me, or die before the final distribution of my estate, and without leaving bodily heirs, the share of said deceased nephew or niece shall be divided equally between the living nephews or nieces, or their bodily heirs. All of my property covered by this ITEM V of my will shall be sold by my Executor, as soon after my death as convenient, at the best price obtainable, either at private or public sale, without any order or decree from any Court. My said Executor is hereby authorized to sign all deeds, contracts and other necessary instruments to sell any real estate in my estate, and after said property is sold, the cash obtained is to be divided, as provided for in ITEM V of my will, within one year after this will is admitted to probate."

Plaintiffs' petition asserts Virgil Miller is deceased, and his two daughters have survived; the other eight nieces and nephews have survived.

Plaintiffs assert in their petition that the attempted restriction on the sale of the farm lands in Article IV is "null and void." Defendants respond by saying that the plaintiffs have in their petition pleaded restrictions on sale and the language "null and void" following the statement of such restrictions is a legal conclusion to be disregarded. Defendant in effect is arguing plaintiff has pleaded himself out of court. Neither the issue of the validity of the restrictions on the sale in Article IV nor the narrow pleading point need be reached or decided.

---

1. Jean Dickson, named in the will, is one and the same person as Gene Dickson, a plaintiff in this case.

The issue to be decided is whether the statement of a cause of action is shown by plaintiffs' petition. The allegations are to be considered as true and the theory of the petition—that the fifteen-year delay in the sale of the land is void—is accepted.

Plaintiffs have not pleaded any theory of partition based upon an *acceptance* of the provision for lease of the real estate provided in ARTICLE IV of the will. If such a theory were pleaded, further questions would arise: first, as to the validity of the provision for lease itself, and second, whether an equitable conversion occurs at the time of the death of the testator or at the termination of the lease interest. The cases of *Eneberg v. Carter,* 98 Mo. 647, 12 S.W. 522 (1889) and *Williams v. Lobban,* 206 Mo. 339, 104 S.W. 58 (1907), would suggest that there may not be an equitable conversion until the time for the sale arrives when the sale is deferred. These cases involve executions and not the right to partition. The dispositive language of the wills is also more susceptible to a construction which would make the devise a direct devise to the beneficiary. More recent authority rules the issue of when the conversion occurs on the basis that there is no devise or bequest to anyone except the gift of the fund generated by the sale as in *Earney v. Clay,* 516 S.W.2d 59 (Mo.App.1974), and *Morris v. Stephenson,* 128 Mo.App. 338, 107 S.W. 449 (1908). Nonetheless, these questions are not presented under the theory and factual allegations of plaintiffs' petition.

It is well established in Missouri law that where multiple theories are available upon which a trial court could have based its judgment, if the appellate court finds the judgment to be valid on appeal under any one of those theories, the judgment will not be disturbed. *Equity Mutual Insurance Co. v. Affiliated Parking Inc.,* 448 S.W.2d 909, 911–912 (Mo.App.1969) and *Phoenix Insurance Co. of Hartford, Connecticut v. Chrysler Corporation,* 534 S.W.2d 474, 475 (Mo.App.1975).

Even if the 15-year delay in the sale of the land pursuant to the will is ineffective and void as plaintiffs contend, a matter which is not reached or decided, the land is not subject to partition. No interest in land is granted to devisees under a will which unequivocally mandates a sale and division of the proceeds. *Earney v. Clay, supra.* Under either Article IV or Article V of the will, there is an absolute mandate to the executor to sell the real estate which constitutes an equitable conversion. *Earney v. Clay; Hull v. McCracken,* 53 S.W.2d 405, 405–406 (Mo.App.1932); *Scott v. Dougan,* 527 S.W.2d 680, 683 (Mo.App.1975).

Plaintiffs make some claim to a right to show facts which would constitute an equitable reconversion. Equitable conversion of the real estate into money continues until the actual conversion or until, by election of all the beneficiaries, there is a reconversion, which may take place at any time prior to the actual conversion. *Griffith v. Witten,* 252 Mo. 627, 646, 161 S.W. 708, 714 (1913). The election to accept the land in its original state and thus reconvert it, must be unanimous on the part of all the beneficiaries or devisees, *Holmes v. Scott,* 231 Mo.App. 690, 692, 105 S.W.2d 966, 967 (1937) and *Kaufmann v. Kaufmann,* 226 Mo.App. 172, 177, 43 S.W.2d 879, 881 (1931), except in those instances where the election of less than all could not possibly injure those not joining in the election. *Gilbreath v. Cosgrove,* 193 Mo.App. 419, 422, 185 S.W. 1181, 1182 (1916).

The plaintiffs' petition makes no reference to the power of sale and a subsequent reconversion. From the notice of appeal, it may be gathered that at least three of the interests, out of the nine interests created by the will, do not agree to a reconversion of the personal estate to realty since the defendants named represent those three interests. What the argument amounts to is a theory conceived after briefing and asserted for the first time in this court.

The plaintiffs also allude to the will as ambiguous and assert they should be entitled to present the facts concerning the underlying dispute. It may very well be that the will of Jess Dickson requires construction, but that construction cannot oc-

cur in a partition suit which is barred to plaintiffs by § 528.130 RSMo 1978.

The judgment is affirmed.

All concur.